# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **LJUBIVOJE MILCANOVIC,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:12-cv-501-PMW** |
| **CAROLYN W. COLVIN,**[1] **Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Ljubivoje Milcanovic's ("Plaintiff") appeal of the Commissioner's final decision denying Plaintiff's claim Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is unnecessary in this case.

---

[1] On February 14, 2013, Carolyn W. Colvin ("Commissioner") became the Acting Commissioner of Social Security. Accordingly, she has been automatically substituted for Michael J. Astrue as the defendant in this action. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office."); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

**BACKGROUND**

Plaintiff was born in April 1953 and is a Serbian refugee who moved to the United States in 1988.  He had a high school education and some education in construction prior to moving to the United States.  He has worked as a photocopy specialist and a meat cutter.  Plaintiff alleges disability based on a combination of mental impairments, including depression, obsessive compulsive disorder, and paranoid schizophrenia.

In March 2007, Plaintiff applied for SSI, alleging disability beginning in May 2005.[2] Plaintiff later amended his alleged onset date to February 21, 2007.[3]  Plaintiff's applications were denied initially and upon reconsideration.[4]  On October 1, 2009, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[5] and that hearing was held on November 5, 2008.[6] On January 9, 2009, the ALJ issued a written decision denying Plaintiff's claim for SSI.[7]  On July 2, 2009, the Appeals Council granted Plaintiff's request for review, vacated the ALJ's January 9, 2009 decision, and remanded the matter to the ALJ to hold a supplemental hearing and issue a new decision.[8]

---

[2]  *See* docket no. 9, Administrative Record ("Tr. ____") 283-90.

[3]  *See* Tr. 50.

[4]  *See* Tr. 127-28, 171-78.

[5]  *See* Tr. 179-80.

[6]  *See* Tr. 47-72.

[7]  *See* Tr. 129-41.

[8]  *See* Tr. 142-44.

The ALJ held a second hearing on May 7, 2010.[9]  On October 27, 2010, the ALJ issued a new decision denying Plaintiff's claim for SSI.[10]  On March 30, 2012, the Appeals Council denied Plaintiff's request for review,[11] making the ALJ's second decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

On May 23, 2012, Plaintiff filed his complaint in this case, which was assigned preliminarily to Magistrate Judge Paul M. Warner.[12]  The Commissioner filed her answer on August 10, 2012,[13] and the court received the Administrative Record the same day.[14]

On August 20, 2012, both parties consented to having a United States Magistrate Judge conduct all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]  Consequently, the case was assigned permanently to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[16]

---

[9]  *See* Tr. 73-123.

[10]  *See* Tr. 8-44.

[11]  *See* Tr. 1-5.

[12]  *See* docket no. 3.

[13]  *See* docket no. 8.

[14]  *See* docket no. 9.

[15]  *See* docket no. 15.

[16]  *See id.*

Plaintiff filed his opening brief on October 15, 2012.[17]  After receiving an extension of time,[18] the Commissioner filed her answer brief on December 17, 2012.[19]  Plaintiff filed his reply brief on January 3, 2013.[20]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[17]  *See* docket no. 18.

[18]  *See* docket nos. 19-20.

[19]  *See* docket no. 21.

[20]  *See* docket no. 22.

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.  *See* 20 C.F.R. § 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity.  If [the claimant] is, disability benefits are denied.  If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits.  If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(iii).  At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work."  20 C.F.R. § 416.920(a)(4)(iv).  "If the claimant is able to perform his previous work, he is not

disabled." *Williams*, 844 F.2d at 751.  If, however, the claimant is not able to perform his

previous work, he "has met his burden of proof, establishing a prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

in the national economy in view of his age, education, and work experience."  *Id*.; *see* 20 C.F.R.

§ 416.920(a)(4)(v).  If it is determined that the claimant "can make an adjustment to other work,"

20 C.F.R. § 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the

claimant "cannot make an adjustment to other work," 20 C.F.R. § 416.920(a)(4)(v), he is

disabled and entitled to benefits.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff

argues that the ALJ erred:  (1) in evaluating the opinions of one of Plaintiff's treating sources; (2)

at step three of the sequential evaluation process by failing to conclude that Plaintiff's mental

impairments met or equaled section 12.03 of Appendix 1 of the relevant regulations

(individually, a "listing" and collectively, the "listings"), *see* 20 C.F.R. § 404, Subpart P,

Appendix 1; (3) in assessing Plaintiff's credibility; (4) by failing to address whether Plaintiff

could sustain employment when determining Plaintiff's RFC; and (5) at step five of the

sequential evaluation process.  The court will address those arguments in turn.

6

## I.  Treating Source Opinions

Plaintiff first argues that the ALJ erred in evaluating the opinions of one of Plaintiff's

treating sources, Dr. Ludmil Manov ("Dr. Manov").

> In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight.  To make this determination, the ALJ . . . must first consider whether the opinion is well[ ]supported by medically acceptable clinical and laboratory diagnostic techniques.  If the answer to this question is "no," then the inquiry at this stage is complete.  If the ALJ finds that the opinion is well[ ]supported, he must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. § 416.927].  Those factors are:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

> Under the regulations, the agency rulings, and [Tenth Circuit] case law, an ALJ must give good reasons . . . for the weight assigned to a treating physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight.  If the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted) (sixth alteration in original); *see also* 20 C.F.R. § 416.927(c).

      An ALJ is not required to discuss every factor set forth in the relevant regulations. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (stating that when an ALJ does not discuss every factor, it "does not prevent this court from according his decision meaningful review"). And, as with other evidentiary matters, when an ALJ is considering medical opinion evidence, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

      Plaintiff's first argument on this point is that the ALJ erred by failing to give Dr. Manov's opinion controlling weight. As noted above, a treating source opinion should not be accorded controlling weight if it is inconsistent with other substantial evidence in the record. *See Langley*, 373 F.3d at 1119; *see also* 20 C.F.R. § 416.927(c). In this case, the ALJ determined that Dr. Manov's opinions were inconsistent with other opinions and evidence in the record. Specifically, the ALJ concluded that Dr. Manov's opinions were inconsistent with the opinions of Adam Capel ("Mr. Capel"), a licensed clinical social worker, and the opinions of the state agency physicians. In an attempt to demonstrate that the ALJ reached that conclusion in error, Plaintiff essentially reargues the weight the ALJ should have accorded to the opinion evidence. The court notes that such a tactic is futile on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, as the court has noted, it is the ALJ's role to weigh and resolve evidentiary conflicts and inconsistencies. *See Rutledge*, 230 F.3d at 1174;

8

*Eggleston*, 851 F.2d at 1247.  From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.  *See Oldham*, 509 F.3d at 1257 (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)).  The court concludes that, in this case, the ALJ relied upon substantial evidence in reaching the conclusion that Dr. Manov's opinions were not entitled to controlling weight.

Plaintiff next argues that the ALJ erred by concluding that Dr. Manov's opinions were entitled to little weight.  The court disagrees.  In reaching the conclusion that Dr. Manov's opinions were entitled to little weight, the ALJ relied upon proper factors.  First, the ALJ properly relied upon the fact that Dr. Manov's opinions were inconsistent with his treatment notes.  *See* 20 C.F.R. § 416.927(c)(4).  Second, the ALJ properly relied on the inconsistencies between Dr. Manov's opinions and other opinions in the record.  *See id*.  Finally, the ALJ properly relied upon the fact that the extreme limitations expressed by Dr. Manov were inconsistent with Plaintiff's activities of daily living.  *See id*.

For these reasons, the court concludes that the ALJ did not err in his evaluation of Dr. Maonv's opinions.

## II.  Step Three

Plaintiff argues that the ALJ erred at step three of the sequential evaluation process by failing to conclude that Plaintiff's impairments met or equaled listing 12.03.  *See* 20 C.F.R. § 404, Subpart P, Appendix 1, listing 12.03.

9

Plaintiff's first contention on this issue is that the ALJ erred by failing to conclude that Plaintiff's mental impairments satisfied the B criteria of listing 12.03.  However, Plaintiff's entire opening argument on this point is based on the ALJ's alleged mistreatment of the opinions of Dr. Manov.  The court has already concluded that the ALJ did not err in his treatment of those opinions.  Accordingly, Plaintiff's argument concerning the B criteria must fail.

Second, Plaintiff asserts that the ALJ erred by failing to conclude that Plaintiff's mental impairments satisfied the C criteria of listing 12.03.  Plaintiff argues that the ALJ's conclusion is limited to one sentence:  "In addition, the evidence does not support the 'C' criteria because the claimant is able to live alone and attends his appointments regularly."[21]  However, Plaintiff ignores the sentence that immediately follows:  "The detailed discussion below regarding assessment of the opinion[s] of Mr. Capel and Dr. Manov further supports these general observations."[22]  In doing so, Plaintiff fails to address whether the ALJ's discussion of the opinions of Mr. Capel and Dr. Manov supports the ALJ's conclusion that Plaintiff's mental impairments do not satisfy the C criteria of listing 12.03.  While Plaintiff has challenged the ALJ's treatment of Dr. Manov's opinions, the court has already concluded that the ALJ did not err in his treatment of those opinions.  Notably, Plaintiff has not challenged the ALJ's treatment of Mr. Capel's opinions.  As such, Plaintiff has waived any argument in that regard.  Nevertheless, the court has reviewed the ALJ's discussion of Mr. Capel's and Dr. Manov's

---

[21]  Tr. 16.

[22]  *Id*.

opinions and concludes that said discussion constitutes substantial evidence in support of the

ALJ's determination that Plaintiff's mental impairments do not satisfy the C criteria of listing

12.03.

For these reasons, the court concludes that the ALJ did not err at step three of the

sequential evaluation process by failing to conclude that Plaintiff's impairments met or equaled

listing 12.03.

### III.  Credibility

Plaintiff argues that the ALJ erred in assessing the credibility of Plaintiff's testimony.  In

general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this

court] will not upset such determinations when supported by substantial evidence."  *Kepler v.

Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted).  Although credibility

determinations "should be closely and affirmatively linked to substantial evidence," *id.*

(quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation

of the evidence."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Social Security Ruling ("SSR") 96-7p clarifies the standards an ALJ must apply when

evaluating the credibility of an individual's statements, including his or her allegations of pain.

*See* SSR 96-7p.  In addition to the objective medical evidence, an ALJ should consider the

following factors when assessing the credibility of an individual's statements:

1.      The individual's daily activities;
2.      The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3.      Factors that precipitate and aggravate the symptoms;

4.      The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5.      Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6.      Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7.      Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*; *see* 20 C.F.R. § 416.929(c); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993).

In this case, the ALJ considered proper factors in reaching his determination that, overall, Plaintiff's testimony about his disabling symptoms was not entirely credible. First, the ALJ properly relied upon and articulated multiple inconsistencies between Plaintiff's testimony at the administrative hearing and prior statements concerning his disabling symptoms. *See* SSR 96-7p (providing that an ALJ must consider the consistency of a claimant's statements in determining credibility). Second, the ALJ properly relied upon the fact that Plaintiff's complaints concerning the severity of his symptoms were not supported by evidence in the record. *See id.* (providing that a strong indication of the credibility of a claimant's statements is their consistency with other information in the case record). Third, the ALJ properly relied upon the fact that Plaintiff's daily activities were inconsistent with Plaintiff's testimony about the degree of his limitations. *See* 20 C.F.R. § 416.929(c)(3)(i); SSR 96-7p. Finally, the ALJ noted that despite Plaintiff's complaints of disabling symptoms, the record demonstrated that those symptoms were responsive to treatment. *See* 20 C.F.R. § 416.929(c)(3)(iv)-(v); SSR 96-7p.

The ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not entirely credible.  Furthermore, the court concludes that the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted).  Accordingly, the court concludes that the ALJ did not err in reaching his determination about Plaintiff's credibility.

## IV.  RFC

Plaintiff argues that the ALJ erred by failing to address whether Plaintiff could sustain employment when determining Plaintiff's RFC.  Plaintiff's opening argument on this point is based exclusively on his own testimony and records from Valley Mental Health, including the opinions of Dr. Manov and Mr. Capel.  To the extent that Plaintiff attempts to base this argument on his own testimony, that attempt must fail.  The court has already determined that the ALJ did not err in determining that Plaintiff's testimony was not credible.  To the extent that Plaintiff attempts to support this argument by pointing to selective records from Valley Mental Health, that is nothing more than another attempt to reargue the weight of the evidence before the ALJ, which is an unavailing tactic on appeal.  *See, e.g.*, *Oldham*, 509 F.3d at 1257; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.  For these reasons, the court concludes that this argument fails.

## V.  Step Five

Plaintiff argues that the ALJ erred at step five of the sequential evaluation process.  More specifically, Plaintiff contends that the ALJ erred by failing to include the limitations expressed by Dr. Manov in the RFC and the hypothetical given to the vocational expert.  The court has

13

concluded that the ALJ did not err in his treatment of Dr. Manov's opinions.  As such, the ALJ

was not required to include every limitation expressed by Dr. Manov in the RFC or in the

hypothetical given to the vocational expert.  In this case, the ALJ included all of the limitations

contained in the final RFC determination in the hypothetical provided to the vocational expert.

Accordingly, there was no error.  *See, e.g.*, *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000)

("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ

ultimately included in his RFC assessment.  Therefore, the VE's answer to that question provided

a proper basis for the ALJ's disability decision.")

## <u>CONCLUSION AND ORDER</u>

The court concludes that all of Plaintiff's arguments fail.  Accordingly, **IT IS HEREBY**

**ORDERED** that the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2013.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge